IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS,<br>    Plaintiff | §<br>§<br>§ | |
| | | 1:22-cv-00089 |
| vs. | §<br>§ | |
| BRADFORD & ASSOCIATES LLC<br>and BRADFORD E. DIXON, Individually,<br>    Defendants | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff STATE OF TEXAS, acting by and through the Attorney General of Texas, KEN

PAXTON, files this Complaint against BRADFORD & ASSOCIATES LLC and BRADFORD E.

DIXON, individually, and for causes of action would respectfully show as follows:

## JURISDICTION AND VENUE

1.      This action is brought by Attorney General Ken Paxton, through his Consumer Protection

Division, in the name of the State of Texas and in the public interest, pursuant to the Telephone

Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Telemarketing and Consumer Fraud

and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), the Texas Telemarketing

Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et seq*. ("Texas No Call Act"), and

the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code 17.41 *et*

*seq.* ("DTPA").

2.      This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to

47 U.S.C. § 227(g)(2).  This Court further has jurisdiction over the subject matter of the claims under

the TCPA and the Telemarketing Act pursuant to 28 U.S.C. § 1331 and has pendant jurisdiction over

the subject matter of the claims under the Texas No Call Act and DTPA pursuant to 28 U.S.C. § 1367.

3.      Venue of this suit lies in the Western District of Texas, Austin Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below.  Venue further lies in the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim alleged herein occurred within the Western District of Texas.

## DEFENDANTS

4.      Defendant Bradford & Associates LLC is a limited liability company formed under the laws of the State of Missouri, with its principal place of business at 19 East Walnut Street, Suite H, Columbia, Missouri 65203.  Defendant Bradford & Associates LLC may be served by serving its registered agent, Bradford E. Dixon, at 19 East Walnut Street, Suite H, Columbia, Missouri 65203.

5.      Defendant Bradford E. Dixon is an individual residing in the State of Missouri, and may be served at 3009 Crestwood Ln., Columbia, MO 65203, or wherever he may be found.  Defendant Bradford E. Dixon is the sole owner of Bradford & Associates LLC and Mr. Dixon participates in and controls the day-to-day operations of Bradford & Associates LLC.

## ACTS OF AGENTS

6.      Whenever it is alleged in this petition that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

**PUBLIC INTEREST**

7.      Plaintiff, State of Texas, has reason to believe that Defendants have engaged in a pattern or practice of initiating deceptive telephone calls to residents of the State of Texas which violate the TCPA, the Telemarketing Act, the Texas No Call Act, and the DTPA.  Plaintiff also has reason to believe that Defendants have caused injury, loss, and damage to the State of Texas, and that the interests of the residents of Texas have been threatened or adversely affected by Defendants' actions.

**STATEMENT OF FACTS**

8.      Defendant Bradford & Associates LLC is a telemarketing company that generates sales leads (i.e. prospective customers) by making outbound telemarketing calls.  Defendant Bradford Dixon personally directs and controls the telemarketing operations of Defendant Bradford & Associates LLC.

9.      Defendants, in generating sales leads, have placed millions of telemarketing calls to the homes, offices, and cell phones of consumers nationwide, including in Austin, Texas. Hundreds of thousands of such calls as placed by Defendants constitute violations of the TCPA, the Telemarketing Act, the Texas No Call Act, and/or the DTPA.

10.      Defendants' telemarketing business utilized a dialing system which, upon answer, delivered a prerecorded message. Further, a large number of Defendants' calls were made to consumer phone numbers registered to the federal and/or the Texas do-not-call list(s) (the "national do-not-call registry" and the "Texas no-call list" respectively).

11.      Defendants did not have consent from the recipients of their illegal telemarketing calls.

12.      Defendants also took steps to avoid being identified while placing illegal telemarketing calls, including by failing to transmit accurate Caller ID information. In addition, at least some of the

prerecorded messages used by Defendants failed to identify Defendants as the entities initiating the calls.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

13.     Plaintiff realleges paragraphs one through twelve and incorporates them herein as if set forth here in full.

14.     The TCPA, 47 U.S.C. § 227, *et seq*., was enacted to, among other things, protect the privacy interests of residential and wireless telephone subscribers from invasive telemarketing practices, particularly the use of automated dialing equipment or prerecorded voices to make unsolicited telemarketing calls.  The TCPA provides, for example, that it "shall be unlawful for any person within the United States, or any person outside the United States if the recipient is in the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..."  47 U.S.C. § 227(b)(1)(A)(iii).

15.     Defendants have violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) by making unsolicited telephone calls to Texas consumers' cell phones using an artificial or prerecorded voice.

16.     The TCPA mandates that the Federal Communications Commission promulgate rules implementing the statute.  Those regulations in relevant part provide that "[n]o person or entity may … initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 C.F.R. § 64.1200(a)(1)(iii).  The regulations go on to provide that "[n]o person or entity may …

4

initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [telephone number assigned to a … cellular telephone service] … , other than a call made with the prior express written consent of the called party…" 47 C.F.R. § 64.1200(a)(2).

17.    Defendants have violated 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2) by making unsolicited telephone calls to Texas consumers' cell phones using an artificial or prerecorded voice.

18.    The regulations promulgated by the Federal Communications Commission pursuant to the TCPA further provide that "[n]o person or entity may ... [i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party" unless the call meets certain criteria not applicable in the present case.  47 C.F.R. § 64.1200(a)(3).

19.    Defendants have violated 47 C.F.R. § 64.1200(a)(3) by initiating and/or causing to be initiated unsolicited telephone calls to Texas consumers' residential phone lines using an artificial or prerecorded voice.

20.    The regulations promulgated by the Federal Communications Commission pursuant to the TCPA further provide that "[a]ll artificial or prerecorded telephone messages shall: (1) at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call.  If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."  47 C.F.R. § 64.1200(b)(1).

21.    Defendants have violated 47 C.F.R. § 64.1200(b)(1) by making unsolicited telephone calls to Texas consumers which utilize an artificial or prerecorded telephone message that fails to state the identity of the caller.

22.    The regulations promulgated by the FCC pursuant to the TCPA further provide that "[n]o person or entity shall initiate any telephone solicitation to ... a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry ...." 47 C.F.R. § 64.1200(c)(2).

23.    Defendants have violated 47 C.F.R. § 64.1200(c)(2) by making calls to residential telephone numbers that are registered on the national do-not-call registry.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION ACT

24.    Plaintiff realleges paragraphs one through twenty-three and incorporates them herein as if set forth in full.

25.    Congress passed the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101-6108 to prohibit abusive and deceptive telemarketing acts or practices. Subsequently, the Federal Trade Commission ("FTC") pursuant to Congressional mandate adopted the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310 and its amendments. Amendments to the TSR in 2003 included the creation of the federal do-not-call list. 68 Fed. Reg. 4580, 4669.

26.    Defendants are "telemarketer[s]" engaged in "telemarketing" and Defendants have initiated, or have caused to be initiated, "outbound telephone call[s]" to consumers to induce the purchase of goods or services, as those terms are defined in the TSR, 16 C.F.R. § 310.2.

27.    Among the practices deemed abusive by the FTC in the TSR is the practice of "[f]ailing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call; provided that it shall not be a violation to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller or charitable

6

organization on behalf of which a telemarketing call is placed, and the seller's or charitable organization's customer or donor service telephone number, which is answered during regular business hours." 16 C.F.R. § 310.4(a)(8).

28.     Defendants have violated the TSR, 16 C.F.R. § 310.4(a)(8), by failing to transmit an accurate business name and telephone number when placing telemarketing calls to Texas consumers.

29.     The TSR also prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the national do-not-call registry. 16 C.F.R. § 310.4(b)(1)(iii)(B).

30.     Defendants have violated the TSR by making telemarketing calls to persons in Texas whose numbers are registered on the national do-not-call registry.

31.     The TSR further requires telemarketers in an outbound telephone call to disclose truthfully, promptly, and in a clear and conspicuous manner: (i) The identity of the seller; (ii) that the purpose of the call is to sell goods or services; and (iii) the nature of the goods and services. 16 C.F.R. § 310.4(d).

32.     Defendants have violated the TSR by making outbound telephone calls without truthfully disclosing the identity of the caller.

33.     Similarly, the TSR prohibits a telemarketer from initiating an outbound telephone call that delivers a prerecorded message to induce the purchase of any good or service unless the message promptly discloses: (i) the identity of the seller; (ii) that the purpose of the call is to sell goods or services; and (iii) the nature of the goods and services. 16 C.F.R. § 310.4(b)(1)(v)(B)(ii).

34.     Defendants have violated the TSR by initiating outbound telephone calls in Texas that deliver a prerecorded message and that fail to disclose the identity of the seller.

35.     The TSR also prohibits initiating a telephone call that delivers a prerecorded message to induce the purchase of any good or service unless the seller has obtained from the recipient of the call an express agreement, in writing, that evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of a specific seller. 16 C.F.R. § 310.4(b)(1)(v)(A).

36.     Defendants have violated the TSR by initiating telephone calls in Texas, without the express agreement of the recipient of the call, that deliver a prerecorded message to induce the purchase of services.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS TELEMARKETING DISCLOSURE
### AND PRIVACY ACT

37.     Plaintiff realleges paragraphs one through thirty-six and incorporates them herein as if set forth in full.

38.     The Texas No Call Act makes it unlawful for a telemarketer to make a telemarketing call to a telephone number that has been published on the then-current Texas no-call list for more than sixty days. Tex. Bus. & Com. Code § 304.052.  Defendants have violated the Texas No Call Act by making telephone calls to telephone numbers that were included on the then-current Texas no-call list for longer than sixty days.

39.     The Texas No Call Act also prohibits telemarketers from: (i) blocking the identity of the telephone number from which the call is made to evade a device designed to identify a telephone caller; (ii) interfering with or circumventing the capability of a caller identification service or device to access or provide to the recipient of the telemarketing call any information regarding the call that the service or device is capable of providing; or (iii) failing to provide caller identification information in a manner that is accessible by a caller identification service or device, if the

telemarketer is capable of providing the information in that manner. Tex. Bus. & Com. Code § 304.151.  Defendants' failure to transmit their business names and legitimate telephone numbers violates this section of the Texas No Call Act.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

40.     Plaintiff realleges paragraphs one through thirty-nine and incorporates them herein as if set forth in full.

41.     The DTPA prohibits any false, misleading or deceptive acts and practices in the conduct of any trade or commerce, including by causing confusion or misunderstanding as to the source of goods or services. *See* Tex. Bus. & Com. Code §§ 17.46(a), (b)(2).

42.     Defendants' illegal marketing calls, as set out in more detail above, violate the above provisions of the DTPA.  For example, Defendants' attempts to hide their identity are deceptive and misleading practices which create confusion and misunderstanding regarding the source of Defendants' calls and the services offered therein.

**PRAYER**

43.     By reason of the acts and practices described herein above, Defendants have violated and will continue to violate the federal and state laws set forth above unless this Honorable Court enjoins them from doing so.

44.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, after due notice and hearing, a permanent injunction be issued, restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, from engaging in the following acts or practices:

9

a.  Initiating, causing others to initiate, or assisting others in initiating, any telephone call to a Texas Consumer that plays or delivers a message using an artificial or prerecorded voice;

b.  Initiating, causing others to initiate, or assisting others in initiating, any telephone call to a Texas Consumer using an automatic telephone dialing system;

c.  Initiating, causing others to initiate, or assisting others in initiating, any Telemarketing Call to a Texas Consumer whose telephone number is listed at the time of the call on the Texas No-Call List;

d.  Initiating, causing others to initiate, or assisting others in initiating, any Telemarketing Call to a Texas Consumer whose telephone number is listed at the time of the call on the Federal No-Call List;

e.  In initiating, causing others to initiate, or assisting others in initiating any Telemarketing Call to any Texas Consumer, blocking the identity of the telephone number from which the Telemarketing Call is made to evade a device designed to identify a telephone caller;

f.  In initiating, causing others to initiate, or assisting others in initiating any Telemarketing Call to any Texas Consumer, interfering with or circumventing the capability of a caller identification service or device to access or provide to the recipient of the Telemarketing Call any information regarding the call that the service or device is capable of providing;

g.  In initiating, causing others to initiate, or assisting others in initiating any Telemarketing Call to any Texas Consumer, failing to provide caller identification

information in a manner that is accessible by a caller identification service or device, if Defendants are capable of providing the information in that manner;

h. In initiating, causing others to initiate, or assisting others in initiating any Telemarketing Call to any Texas Consumer, causing misleading information to be transmitted to a recipient's caller identification service or device or otherwise misrepresenting the origin of the Telemarketing Call; and

i. Owning any ownership interest, share, or stock in any business entity (excepting any non-controlling stock interest in any business entity that is publicly traded on any nationally recognized stock exchange, including the New York Stock Exchange and Nasdaq) that engages in any of the acts or practices listed in paragraphs a-h of this Section.

45. In addition, Plaintiff State of Texas respectfully prays that this Court adjudge against Defendants, jointly and severally, civil penalties in favor of Plaintiff State of Texas in the following amounts for violations of the TCPA:

a. Five Hundred and No/100 Dollars ($500.00) for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200; and

b. One Thousand Five Hundred and No/100 Dollars ($1,500.00) for each such violation that was committed knowingly or willfully.

46. Plaintiff State of Texas further respectfully prays that this Court enjoin Defendants' telemarketing practices as alleged above, and Order Defendants to pay damages, restitution, or other compensation on behalf of residents of Texas, or to Order such further and other relief as the court may deem appropriate for violations of the TSR.

47.     Plaintiff further respectfully prays that this Court adjudge against Defendants, jointly and severally, civil penalties in the amount of:

      a.      One Thousand and No/100 Dollars ($1,000.00) for each violation of the Texas No Call Act; and

      b.      Three Thousand and No/100 Dollars ($3,000.00) for each violation of the Texas No Call Act that was committed knowingly or willfully.

48.     Plaintiff further respectfully prays that this Court adjudge against Defendants, jointly and severally, civil penalties in the amount of Ten Thousand and No/100 Dollars ($10,000.00) per violation of the DTPA.

49.     Plaintiff State of Texas further prays that this Court order Defendants to pay all costs of Court, costs of investigation, and reasonable attorneys' fees pursuant to Tex. Gov't Code § 402.006(c).

50.     Plaintiff further prays that the Court grant all other relief to which the Plaintiff may show itself entitled.

                Respectfully submitted,

                KEN PAXTON
                Attorney General of Texas

                BRENT WEBSTER
                First Assistant Attorney General

                GRANT DORFMAN
                Deputy First Assistant Attorney General

                SHAWN E. COWLES
                Deputy Attorney General for Civil Litigation

                STEVEN ROBINSON
                Chief, Consumer Protection Division

*/s/Lucas Wollenzien*

LUCAS WOLLENZIEN
State Bar No. 24106709
lucas.wollenzien@oag.texas.gov
C. BRAD SCHUELKE
State Bar No. 24008000
brad.schuelke@oag.texas.gov
Assistant Attorneys General
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone: (512) 936-1712
Facsimile: (512) 473-8301

**ATTORNEYS FOR THE STATE OF TEXAS**